WENDY J. OLSON
United States Attorney

JAMES C. STRONG
james.c.strong@usdoj.gov
ISB # 7428
U.S. Department of Justice, Tax Division
Post Office Box 7238, Ben Franklin Station
Washington, DC  20044
Telephone: (202) 514-9953
Facsimile: (202) 514-6770

*Attorneys for the Plaintiff, United States*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:09-cv-00547-EJL |
| | ) | |
| PENNY LEA JONES, a/k/a PENNY LEA WARDROP | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

Penny Jones is a tax return preparer in Shelley, Idaho, who has defrauded the government of millions of dollars. Since 2008, Jones has prepared and filed at least 437 federal income tax returns claiming massive fraudulent refunds (some exceeding $1 million) using a tax scheme based on fake income tax withholding claims and false IRS forms 1099-OID. In less than three years, Jones has requested more than $168 million in bogus refunds from the U.S. Treasury, which in turn, has erroneously paid approximately $7 million to Jones's customers.

1

Specifically, the United States seeks to prevent Jones from preparing federal tax returns for others, promoting unlawful tax evasion schemes, engaging in conduct subject to penalty under the Internal Revenue Code or in any other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.  On January 4, 2010, this Court entered a preliminary injunction against Jones and nothing learned since then demonstrates that anything less than a permanent injunction against her is warranted.  The United States is entitled to summary judgment because the undisputed facts, which are summarized below, establish that Jones has repeatedly and continually prepared tax returns containing fraudulent requests for refunds and that a permanent injunction barring her from preparing tax returns for others is necessary and appropriate.

## I.      Statement of Facts

In accordance with Local Rule 7.1(b)(1), the United States submits a separate statement of undisputed facts, which it incorporates by reference into this memorandum.  The United States relies on the pleadings in this case, the declaration of Shauna Henline submitted in support of its motion for preliminary injunctions, the declaration of Shauna Henline submitted with this motion, and the exhibits attached to both declarations.

## II.     Standard of Review

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  Although the Court must examine the evidence in the light most favorable to the nonmoving party, that party must identify sufficient evidence that would necessitate trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 249-52 (1986); *In re Caneva*, 550 F.3d 755, 760-61 (9th Cir. 2009).  The nonmoving party cannot rely on the allegations or denials in her pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence.  *Anderson*, 477 U.S. at 250; *Mattos v. Agarano*, 590 F.3d 1082, 1085 (9th Cir. 2010).  Furthermore, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248; *California ex. rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998).

## III.   Argument

The United States seeks a permanent injunction under 26 U.S.C. §§ 7402, 7407 and 7408 to prevent Penny Jones from further violating the Internal Revenue Code and from further harming her customers and the Government.   Under 26 U.S.C. § 7407, courts may enjoin federal tax return preparers who continually or repeatedly violate 26 U.S.C. § 6694, which prohibits the preparation or submission of a return containing an unreasonable position. Under 26 U.S.C. § 7408, courts may also enjoin those (not just tax return preparers) who engage in conduct subject to penalty under 26 U.S.C. § 6701, which prohibits the preparation of returns or other documents that the person knows will result in the understatement of tax liability.  Finally, under 26 U.S.C. § 7402(a), courts may enjoin the defendant if "necessary and appropriate for the enforcement of the internal revenue laws."  Jones's conduct warrants injunctive relief under all three statutes.

> *A.   Jones should be enjoined under 26 U.S.C. §§ 7407 and 7408 because she took frivolous positions on the tax returns she prepared and an injunction barring her from further return preparation is appropriate to prevent her from continuing to do so.*

For the Court to enjoin Jones under 26 U.S.C. § 7407, the government must show that: 1) she is a tax return preparer; 2) her conduct falls within one of four areas of proscribed conduct (26 U.S.C. § 7407(b)(1)(A)-(D)), and; 3) that injunctive relief is appropriate to prevent recurrence of this conduct.[1]  Similarly, under 26 U.S.C. § 7408(b), the Government must show that Jones has engaged in specified conduct (defined in 26 U.S.C. § 7408(c)) and that injunctive relief is appropriate to prevent recurrence of such conduct.  Because a statute expressly authorize these injunctions, Jones may be enjoined on a showing that she has engaged in the proscribed conduct and that recurrence is likely, without considering the traditional equitable requisites.  *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1097 (9th Cir. 2000) (finding of § 7408 violation sufficient to enjoin abusive tax-shelter promoter).  Therefore, we address the statutory factors below.

1.  Jones has repeatedly engaged in proscribed conduct.

Under both 26 U.S.C. § 7407 and 7408, the Government must show that Jones engaged in proscribed conduct to warrant injunctive relief.  Here, Jones engaged in conduct subject to penalty under 26 U.S.C. § 6694 – which is proscribed conduct under 26 U.S.C. § 7407(b)(1)(A) – and in conduct subject to penalty under 26 U.S.C. § 6701 – which is proscribed conduct under 26 U.S.C. § 7408(c)(1).  *See also United States v. Kapp*, 564 F.3d 1103, 1109 (9th Cir. 2009); *United States v. Schiff*, 379 F.3d 621, 625 (9th Cir. 2004).  Section 6694 penalizes return preparers who prepare "a return with understated liability due to an unreasonable position not supported by substantial

---

[1] Jones is a tax return preparer for purposes of 26 U.S.C. § 7407.  A tax return preparer is "any person who prepares for compensation . . . any return of tax imposed by [the Internal Revenue Code] or any claim for refund of tax imposed by [the Internal Revenue Code]."  26 U.S.C. § 7701(a)(36).  Jones has admitted that she prepared the tax returns at issue and she also signed the returns as the paid tax return preparer.

authority."  Likewise, Section 6701 imposes penalties on any person who prepares or assists in the preparation of "any portion of a return, affidavit, claim, or other document" that she "knows (or has reason to believe) will be used in connection with any material matter" under the Internal Revenue Code and that she knows will "result in an understatement of the liability for tax."

As detailed in the Statement of Undisputed Facts, and as shown through the Declarations of Shauna Henline and the exhibits to them, Jones repeatedly prepared and filed preposterous federal income tax returns reporting false income tax withholding and false interest income, and then requesting fraudulent refunds on behalf of her customers.  Having prepared at least 437 tax returns claiming more than $168 million in fraudulent refunds, Jones repeatedly understated her customers' tax liabilities by taking unreasonable and frivolous positions.  Her positions on OID income are not supported by any authority and in fact, have been repudiated.  Furthermore, in support of these tax returns, Jones prepared phony IRS Forms 1099-OID and Schedules B, claiming bogus tax withholding and interest income amounts aimed at generating false refunds that she knew would result in a understatement of her customers' liabilities because the only purpose for the returns was to generate to large refund claims.  Therefore, Jones violated § 6694 and § 6701, and injunctive relief is appropriate under § 7407 and § 7408.

2.  A permanent injunction barring Jones from all tax return preparation is necessary and appropriate to prevent recurrence.

The Court should enter a permanent injunction to stop Jones from preparing tax returns because it is likely that she will continue to prepare and submit bogus tax returns.  Under both §7407 and § 7408, the Government must show that injunctive relief is appropriate to prevent recurrence of the conduct. To determine if a substantial likelihood of recurrence exists, courts routinely consider: 1) the gravity of the harm caused by the offense; 2) the extent of the defendant's

participation; 3) the defendant's degree of scienter; 4) the isolated or recurrent nature of the infraction; 5) the defendant's recognition (or non-recognition) of his own culpability; and 6) the likelihood that the defendant's occupation would place her in a position where future violations could be anticipated. *Estate Pres. Servs.*, 202 F.3d at 1105.  The gravity of harm caused by Jones's tax preparation is significant.   Since the United States submitted its motion for preliminary injunction, the IRS has identified over another 100 fraudulent returns that Jones prepared and submitted.   Her returns have made fraudulent claims exceeding $168 million, and in fact, the IRS has issued $7 million in erroneous refunds (an additional $2.3 million since the United States submitted its preliminary injunction motion).   Jones signed and prepared the tax returns on behalf of her customers and thus was a central participant in the scheme.   Moreover, Jones falsified IRS forms to fabricate massive amounts of reported withholding and OID income.   No legal or factual basis exists to support the OID claims that Jones included on the returns she prepared.   Jones's misconduct is not isolated to a few returns, but rather extends to over 400 returns in a 2-year period. She has shown no remorse for her conduct, and her filings with the Court show her continued dedication to stand by her frivolous positions.  Jones meets all of the factors in *Estate Preservation Services* and thus, her conduct is likely to recur.

A permanent injunction barring Jones from working as a tax return preparer is necessary to prevent her from further harming the Government or her customers. Under 26 U.S.C. § 7407, the Court may enjoin Jones from further acting as a tax return preparer if the Court finds that she continually or repeatedly engaged in proscribed conduct and that an injunction prohibiting such conduct is insufficient to prevent her interference with the proper administration of the Internal Revenue Code.  Jones's conduct falls within this standard.  In a 2-year period, Jones attempted to

siphon $168 million from the Treasury for her customers.  Jones falsified IRS forms to fabricate

massive amounts of reported federal income tax withholding and OID income.  Jones cannot be

trusted to prepare tax returns for others, as courts have found with other OID preparers.  *See, e.g.,*

*United States v. McIntyre*, — F. Supp. 2d. —, 2010 WL 2103226 (C.D. Cal., May 24, 2010)

(McIntyre's strong ideological motivation, adamant refusal to acknowledge the unlawfulness of her

conduct, and her persistence in the face of the IRS's warning provide ample and compelling

evidence that a limited injunction will not suffice to permanently bar Defendants' fraudulent

conduct); *United States v. Marty*, 2010 WL 323518 (E.D. Cal. Jan. 14, 2010); *United States v.*

*Miller*, 2009 WL 4060274 (M.D. Tenn. Nov. 23, 2009).  Here, Jones continued to prepare returns

even though the IRS had warned her in June 2009 in a telephone interview that the claims she made

were preposterous and not supported by any legal authority.  Therefore, absent an injunction, Jones

is likely to continue to prepare returns for others that fraudulently claim large tax refunds.

> B.  *The United States is entitled to injunctive relief under 26 U.S.C. § 7402 because Jones*
> *substantially interferes with the internal revenue laws.*

Section 7402(a) of the Internal Revenue Code grants courts broad authority to issue "writs

and orders of injunction . . . and such other orders and processes, and to render such judgments and

decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  An

injunction under § 7402 can be issued "in addition to and not exclusive of any and all other remedies

of the United States in such courts or otherwise to enforce such laws."  *Id.*  Like § 7407 and § 7408,

because § 7402 sets forth the criteria for injunctive relief, *i.e.* that it is necessary or appropriate for

the enforcement of the internal revenue laws – the Court need not consider the traditional equitable

factors for a permanent injunction.  *United States v. Thompson*, 395 F. Supp. 2d 941, 945-46 (E.D.

Cal. 2005) (finding that consideration of the traditional equitable factors is not required); *In re Dow*

*Corning Corp.*, 280 F.3d 648, 657-58 (6th Cir. 2002) (holding that where a statute, such as §
7402(a), grants the court injunctive power, the court is not "confined to traditional equity
jurisprudence"). *But see United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir. 1984)
(applying traditional factors governing the equitable remedy). Under either standard, an injunction
is appropriate under § 7402.

In addition to the relief sought through § 7407, the United States seeks an injunction under
26 U.S.C. § 7402 barring Jones from preparing returns for others. Besides that relief, the Court
should also order Jones to notify her customers of the Court's findings and to enclose a copy of the
permanent injunction order, which is allowed because 26 U.S.C. § 7402(a) grants this Court broad
authority to fashion relief to prevent interference with the internal revenue laws. *See United States
v. First Nat'l City Bank*, 379 U.S. 378, 383-84 (1965) ("[O]ur review of the [temporary] injunction
as an exercise of the equity power granted by [Section 7402(a)] must be in light of the public interest
involved"). Other courts have granted the United States similar affirmative relief. *See, e.g., United
States v. Benson*, 561 F.3d 718, 727 (7th Cir. 2009) (listing instances where courts required promoter
of false tax schemes to divulge customer list and mail copy of injunction to them). Production of
a customer list allows the United States to continue to identify Jones's customers, "both to warn
them of the falsity and ineffectiveness of [her] claims, and to enforce the income tax laws." *Id.*

C. *An injunction is warranted even under the traditional equitable factors.*

The Court need not consider the traditional equitable factors for an injunction under Ninth
Circuit precedent because 26 U.S.C. §§ 7402(a), 7407, and 7408 expressly authorize injunctions
against Jones. *Estate Pres. Servs.*, 202 F.3d at 1097. Jones should still be enjoined if the traditional
factors are considered, *i.e.* "(1) that it has suffered an irreparable injury; (2) that remedies available

8

at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Northern Cheyenne Tribe v. Norton*, 503 F.3d 836, 842 (9th Cir. 2007).  The evidence detailed above establishes that the Government has been irreparably harmed in that Jones has repeatedly prepared bogus tax returns and IRS forms all in an effort to generate large refund claims for her customers.  Jones's activities have already caused the IRS to issue $7 million in erroneous refunds, causing further irreparable harm to the public fisc.  In fact, in less than a year's time, an additional $2.7 million has been issued in erroneous refunds because of Jones's activities.  If Jones continues to cause the IRS to release additional funds, the Government may not be able to recover them because an erroneous refund can be quickly spent, transferred, or hidden.  The threatened injury to the Government is greater than any to Jones because she can seek honest employment to make up for any potential loss of income from loss of her current work.  Lastly, protecting the public from fraudulent return preparers is in the public interest.  Besides meeting the statutory injunction standards, the Government has met the traditional standards for an injunction, which the Court should issue barring Jones from further working as a tax return preparer.

**IV.    Conclusion**

For the reasons above, the Court should grant summary judgment in the Government's favor and permanently enjoin Penny Jones, and anyone in active concert or participation with her, under 26 U.S.C. §§ 7402, 7407, and 7408 from the following activities:

1.      Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return, amended return, or other related documents or forms for any other person or entity;

2.      Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of false Forms 1099-OID or claiming false OID income based on the false claim that:

    a.   Taxpayers can draw on the Treasury of the United States to pay their tax debt or other debt using Forms 1099-OID or other documents;

    b.   Taxpayers can issue false Forms 1099-OID to a creditor and report the amount on the false Form 1099-OID as income taxes withheld on their behalf;

    c.   Taxpayers have a secret account with the Treasury Department, which they can use to pay their debts or which they can draw on for tax refunds through a process that is often termed "redemption" or "commercial redemption" by promoters of this tax-fraud scheme.

3.      Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making or furnishing a statement regarding the excludability of income or securing any other tax benefit that she knows or has reason to know is false or fraudulent as to any material matter;

4.      Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing and filing tax returns and other documents that understate the tax liabilities of others;

5.     Preparing her own federal income tax returns claiming income withholding and refunds based on amounts shown in Forms 1099-OID issued to her creditors;

6.     Filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040, Forms 1040X or Forms 1099 for himself or others;

7.     Representing anyone other than himself before the Internal Revenue Service; and

8.     Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws.

Dated: September 22, 2010.

Respectfully submitted,

WENDY J. OLSON
United States Attorney


s/ James C. Strong
JAMES C. STRONG, ISB # 7428
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-9953
Facsimile: (202) 514-6770
Email: james.c.strong@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR SUMMARY JUDGMENT has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 22nd day of September, 2010.

Penny Jones
P.O. Box 797
Rigby, ID  83442

Penny Jones
P.O. Box 185
Shelley, ID  83274

s/ James C. Strong
JAMES C. STRONG
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-9953