UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM ORDER |
| | ) | |
| v. | ) | Civil No. 4:09-cv-00547-EJL |
| | ) | |
| PENNY LEA JONES, f/k/a PENNY | ) | |
| LEA WARDROP | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the United States' Motion for Summary Judgment against Defendant,

Penny Lea Jones, formerly known as Penny Lea Wardrop. (Dkt. No. 17). The time for filing a

response has passed with no response being filed. As such the Motion is now ripe for the Court's

review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments

are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further

delay, and because the Court conclusively finds that the decisional process would not be significantly

aided by oral argument, this Motion shall be decided on the record before this Court without oral

argument. The Court finds as follows.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2009, the United States filed a Complaint in this action against the

Defendant, Penny Lea Jones. (Dkt. No. 1.) The United States alleges Ms. Jones has been running a

fraudulent tax return preparation business in Shelley, Idaho whereby she filed frivolous tax returns,

amended tax returns, and other frivolous documents on behalf of others in exchange for

compensation. (Dkt. No. 1.) This scheme, the United States argues, has defrauded the government of millions of dollars. (Dkt. No. 18.) The Complaint raises claims under 26 U.S.C. §§ 7402(a), 7407, and 7408 seeking a permanent injunction and other equitable relief to prohibit Ms. Jones from continuing her fraudulent tax return scheme. (Dkt. No. 1.)

In response, Ms. Jones has filed a "Truth Affidavit" which generally denies the allegations in the Complaint. (Dkt. No. 3.) The United States then filed a Motion for Preliminary Injunction which, on January 15, 2010, this Court granted. (Dkt. Nos. 4, 8.) On February 3, 2010, Ms. Jones filed a "Notice of Contract and Notice of Default and Notice of Summary Judgment" ("Notice") essentially arguing jurisdiction is lacking and the case should be dismissed due to the United States "failure to respond." (Dkt. No. 13.) On September 22, 2010, the United States filed its own Motion for Summary Judgment seeking entry of the requested permanent injunction against Ms. Jones. (Dkt. No. 18.) The Court now takes up these matters below.

SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).[1] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including

---

[1] Federal Rule of Civil Procedure 56 was revised effective December 1, 2010. Though the Motion for Summary Judgment in this case was filed prior to December 1, 2010, the Court will apply the revised Rule 56 as applying it in this action is not infeasible and does not work an injustice. *See* Fed. R. Civ. P. 86(a)(2)(B).

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The party moving for summary judgment has the initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting evidence to show that a genuine issue of fact remains. The party opposing the motion for summary judgment may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 248. If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" then summary judgment is proper as "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).[2]

---

[2] *See also,* Rule 56(e) which provides:

(e)     **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
(1)     give an opportunity to properly support or address the fact;
(2)     consider the fact undisputed for purposes of the motion;
(3)     grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. V. San Francisco Automotive Indus. Welfare Fund*, 883 F.2d 371 (9th Cir. 1989).

> According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party
>
> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted). Of course, when applying the above standard, the Court must view all of the evidence in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255; *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## DISCUSSION

### 1. Jurisdiction

Ms. Jones' filings challenge this Court's jurisdiction in this matter on the ground that there is no statute or Act of Congress making her liable for income taxes which the Court has jurisdiction

---

(4)     issue any other appropriate order.

to enforce. (Dkt. No. 3.) The United States asserts jurisdiction is proper here under 28 U.S.C. §§ 1340 and 1345 as well as 26 U.S.C. §§ 7402(a), 7407, 7408. (Dkt. No. 1.)

Federal courts have original jurisdiction over civil actions 1) arising under federal revenue laws and/or 2) commenced by the United States, or by any agency or officer thereof expressly authorized to sue by an Act of Congress. 28 U.S.C. §§ 1340, 1345. Sections 7402, 7407, and 7408 are Acts of Congress expressly authorizing the United States to bring civil actions in the district in which the subject individual resides. 26 U.S.C. §§ 7402(a), 7407, 7408. Here, Ms. Jones resides in Idaho and operates a tax return preparation business using a post office box in Shelley, Idaho. As such, the Court finds jurisdiction and venue are proper.

## 2. Ms. Jones' Notice

Ms. Jones' filed her "Notice" alleging this matter should be dismissed because the United States failed to respond to her "Truth Affidavit" within ten business days. (Dkt. No. 13.) As such, she argues, the United States is in default and has accepted the truth of the facts as stated in her "Truth Affidavit." (Dkt. No. 3, p. 6 and Dkt. No. 13.) Ms. Jones contends that her "Notice" is her formal acceptance to a binding contract, purportedly based on the United States' failure to respond, to award her summary judgment in this matter and nullifying this case. (Dkt. No. 13, p. 2.) The United States has not responded to these filings but instead filed its own Motion for Summary Judgment.

The Court concludes the United States is under no obligation to respond as demanded in Ms. Jones "Truth Affidavit" and "Notice." (Dkt. Nos. 3, 13.) The Federal Rules of Civil Procedure instead require that Ms. Jones file an answer to the United States' Complaint. *See* Fed. R. Civ. P. 8,

12(a)(1). As such, the Court finds no "binding contract" or "private settlement" was formed here and the United States is not in default.

**3.      United States' Motion for Summary Judgment**

The United States has filed its Motion for Summary Judgment along with supporting materials. (Dkt. Nos. 17-19.) The Motion seeks entry of a permanent injunction pursuant to 26 U.S.C. §§ 7402, 7407, and 7408. Ms. Jones has not responded to the Motion.

Generally, a "plaintiff seeking a[n] injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See American Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)). However, because the applicable statues here set forth the criteria for injunctive relief, the Court need not consider the traditional factors for a permanent injunction. *See United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000); *United States v. McIntyre*, 715 F.Supp.2d 1003, 1009 (C.D. Cal. 2010); *United States v. Thompson*, 395 F.Supp.2d 941, 945-46 (E.D. Cal. 2005); *In re Dow Corning Corp.*, 280 F.3d 648, 657-58 (6th Cir. 2002). Instead the Court will analyze the requirements for issuance of an injunction as expressly provided in the relevant statutes.

**A.      Permanent Injunction under 26 U.S.C. §§ 7407 and 7408**

Because Ms. Jones took frivolous positions on the tax returns she prepared, the United States argues an injunction under § 7407 and § 7408 is warranted. Entry of an injunction under both § 7407 or § 7408 requires the United States to show that 1) Ms. Jones engaged in the conduct identified in each of the statues and 2) the "injunctive relief is appropriate to prevent the recurrence of such

conduct." 26 U.S.C. § 7407(b)(2), § 7408(b)(2). The Court will address each requirement as to each statute in turn below.

### 1) Conduct Identified in § 7407

Section 7407(a) provides courts with the power to enjoin federal tax return preparers who engage in conduct described in § 7407(b). 26 U.S.C. § 7407(a). Thus, the United States must show Ms. Jones is a tax preparer and her conduct is such that it is within those identified in § 7407(b)(1)(A)-(D). Stated differently, in order to obtain a permanent injunction against Ms. Jones pursuant to § 7407, the United States must establish that she 1) engaged in conduct subject to penalty under § 6694, § 6695, or engaged in "any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws"; 2) "injunctive relief is appropriate to prevent the recurrence of such conduct"; and 3) she "continually or repeatedly engaged" in the proscribed conduct such that a more limited injunction prohibiting the misconduct "would not be sufficient to prevent such person's interference with the proper administration of this title." *McIntyre*, 715 F.Supp.2d at 1009 (citing 26 U.S.C. § 7407(b); *United States v. Kapp*, 564 F.3d 1103, 1109 (9th Cir. 2009); *United States v. Nordbrock*, 828 F.2d 1401, 1403 (9th Cir. 1987) (stating that any violation of Sections 6694 or 6695 must be willful in order to be "subject to penalty")).

Here, Ms. Jones is a tax preparer. The term "tax return preparer" is defined as "any person who prepares for compensation...any return of tax imposed by the [Internal Revenue Code] or any claim for refund of tax imposed by the [Internal Revenue Code]." 26 U.S.C. § 7701(a)(36). Although her "Truth Affidavit" denies many of the United States' allegations, it also states that Ms. Jones is "a tax preparer." (Dkt. No. 3, p. 2 ¶ 2.) The materials provided by the United States support this conclusion. The tax returns submitted by the United States contain Ms. Jones' name, address, and

signature as the "preparer." (Dkt. No. 4, Exs. 2, 3, 6, 7, 8, 10, 11, 12, 14.) Based on these materials, the Court finds Ms. Jones satisfies the definition of a "tax return preparer."

As to the prescribed conduct applicable here, § 7407(b) identifies conduct by a tax return preparer who 1) violates § 6694, which prohibits the preparation or submission of a return containing an understatement of taxpayer's liability due to an unreasonable position and 2) engages in any "other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws." 26 U.S.C. § 7407(b)(1)(A), (D); *see also McIntyre*, 715 F.Supp.2d at 1009 (quoting 26 U.S.C. §§ 6694(a)-(b) ("Section 6694 prohibits the knowing understatement of tax liability by a tax return preparer due to either: (1) the taking of an 'unreasonable position' ( i.e. those not supported by 'substantial authority' under subsection 6694(a)(2)); or (2) understatement due to willful or reckless conduct."). Based on the record in this case, the Court concludes Ms. Jones has engaged in conduct identified in § 7407(b)(1)(A) and (D).

The United States asserts Ms. Jones prepared "frivolous tax returns claiming large, but fraudulent, tax refunds based on an absurd...tax-fraud scheme, wherein she submits phony IRS forms to the IRS." (Dkt. No. 4, Memorandum in Support, p. 2.) This scheme involves Ms. Jones submitting phony IRS Forms 1009-OID which purport to have been issued to or received by the taxpayer from a creditor of the taxpayer that withholds nearly all of the interest income reported on the returns in the amount of the debt; usually a mortgage, car loan, or credit card balance owed by the taxpayer to the creditor.[3] The alleged creditors on the forms are usually a credit card or mortgage company. The

---

[3] The district court in *McIntyre* recently described a similar scheme as follows:

IRS Forms 1099-OID are used by issuers of financial instruments generating original issue discount ("OID") to report OID income and any federal income tax withheld from that income. OID income refers to the difference between the discounted price

scheme here, is based on what is commonly referred to as "redemption theories" which claim

taxpayers are entitled to access a secret treasury account to satisfy their tax liabilities by using IRS

forms. (Dkt. No. 3, 4, 19, Dec. Henline.)

Under this theory, there exists an "unrestricted right for collections and return of

funds/securities" issued to every child born in the United States. (Dkt. No. 3.); *see also United States*

*v. Weldon*, No. 1:08-cv-01643-LJO-SMS, 2010 WL 1797529, * 2 (E.D. Cal. May 4, 2010)

(discussing the "redemption" or "charge-back" theory). The birth certificates issued to such children

become a registered security representing that child's life-long labor on a general average basis. The

security is held in trust by the United States government, in whom the children are its stockholders,

as a redeemable bond. The Social Security Administration tracks each persons' funds. Individuals

may access the funds held in trust by filing an IRS Form 1099. This theory has been routinely

rejected in all other jurisdictions. *See Weldon*, 2010 WL 1797529, at * 3.[4]

---

at which a debt instrument is sold at issuance and the stated redemption price at
maturity; it is taxable as interest over the life of the obligation. IRS Forms Schedule
B are used to report interest and dividend income, and are attached to IRS Forms
1040. The fraudulent Forms 1099-OID that Defendants prepare and submit with
returns they prepare falsely state that their customers are "payees" who receive OID
income from their creditors. The fraudulent Forms 1099-OID typically show false
income paid by a customer's creditors to the customer. Some of these forms even
show the customer paying OID income to himself.

*McIntyre*, 715 F.Supp.2d 1003, 1006-07 (internal citations omitted).

[4] "Courts have characterized the redemption theory as 'implausible,' 'clearly nonsense,'
'convoluted,' and 'peculiar.'" *Weldon*, *supra* (citing *Bryant v. Washington Mutual Bank*, 524
F.Supp.2d 753, 760 (W.D.Va. 2007); *United States v. Allison*, 264 Fed.Appx. 450, 452 (5th Cir.
2008). "In the federal income tax context, the redemption theory is nonsensical and soundly
rejected in this and all other jurisdictions." *Id.* (citation omitted).

Using this rejected tax theory, Ms. Jones promotes a tax-fraud scheme that involves filing fraudulent tax returns and other frivolous documents with the IRS on behalf of her customers. The tax returns prepared by Ms. Jones claim large, but fraudulent, tax refunds based on phony IRS Forms 1099-OID which she attaches with the returns. Likewise, Ms. Jones claims on her customers' IRS Form 1040 the total amount of the false OID as both interest income and false withholding. This results in increased tax liability for the customer but, because of the parallel false withholding claims, produces a huge false refund claim dwarfing the reported amount of taxes owed. Through this scheme, nonexistent withheld taxes reported in the returns prepared and filed by Ms. Jones has resulted in massive claimed refunds. Ms. Jones has prepared over 400 such fraudulent federal tax returns for customers. Ms. Jones has admitted, in her "Truth Affidavit," to preparing the federal tax returns in question.

As a result of this scheme, Ms. Jones' customers do not file proper federal income tax returns and, instead, falsely claim tax refunds to which they are in fact not entitled. Such false returns potentially deprive the United States tax revenue properly due and owing as well as result in the payment of fraudulent returns. The United States contends that Ms. Jones has "repeatedly prepared and filed preposterous federal income tax returns reporting false income tax withholding and false interest income, and then requesting fraudulent refunds on behalf of her customers." (Dkt. No. 18, p. 5.) Ms. Jones has, the United States argues, prepared "at least 437 tax returns claiming more than $168 million in fraudulent refunds" by understating the claimants' tax liabilities through unreasonable and frivolous positions, preparing "phony" documentation, and claiming "bogus"

withholdings.[5] (Dkt. No. 18, p. 5.) The IRS asserts it has issued approximately $7 million of erroneous refunds as a result of these fraudulent filings. (Dkt. No. 19, Dec. Henline.) In support of its Motion for Preliminary Injunction and Motion for Summary Judgment, the United States has supplied the tax return information for several individuals. (Dkt. Nos. 4, 19.) The Court has reviewed this material and agrees that the returns, prepared by Ms. Jones, violate § 6694 as they are knowing understatements of tax liability by a tax return preparer due to the taking of an unreasonable position.

For example, the 1999 return for Kenneth and Patricia Malinowski for 1999 reported they received $411,883 in interest income and $72,599 as business income. (Dkt. No. 19, Ex. 17.) Schedule B of this 1999 return attributes nearly all of the interest income to income reported on the seven attached IRS Forms 1099-OID. (Dkt. No. 19, Ex. 17.) The IRS has no record of receiving any IRS Forms 1099-OID in 1999 from any entity on behalf of the Malinowski's as required by 26 U.S.C. § 6049(d)(6). (Dkt. No. 19, Exs. 22-23.) The record reflects similar fraudulent filings for the Malinowski's tax returns filed in 2000, 2001, 2003, and 2006. (Dkt. No. 19, Dec. Henline, ¶¶ 15-29.) The same is true of the other individuals for whom Ms. Jones prepared tax returns. (Dkt. Nos. 4, 19.)

Based on the foregoing, the Court finds that Jones has repeatedly and continually engaged in conduct in violation of 26 U.S.C. § 6694 by understating her customers' income tax liabilities by willfully preparing and filing frivolous and meritless federal tax returns and claims for refund that have no realistic possibility of being sustained on the merits. Similarly, the Court finds Ms. Jones has continually engaged in conduct in violation of 26 U.S.C. § 6695 by failing to remit a list of her

---

[5] In 2008 and 2009, the IRS has identified approximately 415 individual income tax returns and 22 business income tax returns that were prepared and filed by Ms. Jones that make fraudulent claims for refunds exceeding $169 million. (Dkt. No. 19, Dec. Henline.)

customers or copies of their returns when the Internal Revenue Service requested those items as required by 26 U.S.C. § 6107(b).

### 2)     Conduct Identified in § 7408

Unlike § 7407, § 7408 is not limited to just tax preparers but allows courts to also enjoin anyone engaged in any specified conduct which, as relevant here, includes violations of § 6701 prohibiting preparation of returns or other documents that the person knows will result in the understatement of tax liability. 26 U.S.C. § 7408(c)(1). "Under section 7408, the United States must demonstrate a likelihood of success on the merits '(1) that [defendant] has engaged in any specified conduct [conduct subject to penalty under §§ 6700 and/or 6701], and (2) that injunctive relief is appropriate to prevent recurrence of such conduct.' 26 U.S.C. § 7408(b), (c)." *McIntyre*, 715 F.Supp.2d at 1011 (citation omitted).[6]

As determined above, the materials supplied by the United States in this case demonstrate that Ms. Jones' conduct falls within that outlined in § 7408. Ms. Jones has prepared numerous tax returns and other documents which she knew would be used in connection with a material matter arising under the internal revenue laws and would result in an understatement of the liability for tax of another person.

---

[6] "Section 6700 proscribes, inter alia, the promotion of abusive tax shelters, while section 6701 proscribes aiding and abetting understatement of tax liability." *McIntyre*, 715 F.Supp.2d at 1011. "Under 26 U.S.C. § 6701, a person '(1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document, (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person,' may be penalized." *Id.*

Although the IRS notified her of the frivolousness of her scheme, Ms. Jones continued to prepare tax returns based upon such theories. (Dkt. No. 4, Dec. Henline.) In her "Truth Affidavit," Ms. Jones argues that "no 'Act of Congress' makes anyone 'liable' for income taxes." (Dkt. No. 3.) The "Truth Affidavit" also attaches a document entitled "Memorandum of Law in Support of 1099OID – Original Issue Discount," containing arguments regarding redemption theory. These arguments have long been repeatedly rejected by courts. *See Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *Lively v. Commissioner*, 705 F.2d 1017, 1018 (8th Cir. 1983). Based on the foregoing, the Court finds Ms. Jones is fully aware that the theories upon which she prepared these tax returns is fraudulent. The Court also finds Ms. Jones has repeatedly and continually violated 26 U.S.C. § 6701 by preparing fraudulent returns that make false claims for refunds, knowing that such returns understate her customers' tax liabilities and that the returns will be used in connection with a material matter arising under the internal revenue laws. As such, the Court concludes that Ms. Jones has engaged in conduct specified in § 7408.

### 3) Appropriate Relief to Prevent Recurrence of Such Conduct

As to the final requirement for both §§ 7407, 7408, the United States argues a permanent injunction barring Ms. Jones from any tax return preparation is necessary and appropriate to prevent recurrence of the violating conduct listed in the applicable statues. (Dkt. No. 18, p. 5.) Ms. Jones will, the United States contends, continue to prepare and submit "bogus tax returns" given the number of such returns she has already filed, the monetary amount of fraudulent claims, and the fact that she continued to file such claims after being warned by the IRS. (Dkt. No. 18, pp. 6-7.)

The Court finds instructive the case cited to by the United States where the Ninth Circuit articulated the factors to consider in determining the likelihood of future § 6700 violations and, thus, the need for an injunction. *See Estate Pres. Servs.*, 202 F.3d at 1105. Such factors "include: (1) the gravity of the harm caused by the offense; (2) the extent of the defendant's participation; (3) the defendant's degree of scienter; (4) the isolated or recurrent nature of the infraction; (5) the defendant's recognition (or non-recognition) of his own culpability; and (6) the likelihood that defendant's occupation would place him in a position where future violations could be anticipated." *Id.* (citations omitted); *see also United States v. Schiff*, 379 F.3d 621, 625 (9th Cir. 2004) (recognizing the same factors). In that case, the claims brought by the United States were for alleged violations of 26 U.S.C. § 6700 regarding the rendering of abusive tax-shelter advice. The Ninth Circuit granted injunctive relief under § 7408.

So too here, the Court finds absent an injunction, Ms. Jones is likely to continue to defraud the United States Treasury by intentionally understating her customers' income tax liabilities. The gravity of the harm caused by these offenses is sever given the number of returns and the amounts claimed in the fraudulently prepared tax documents as well as the amount of money paid out on the returns. Again, the United States has identified over 400 tax returns prepared by Ms. Jones in this case claiming more than $168 million in fraudulent refunds upon which the United States has paid out approximately $7 million in erroneous refunds. (Dkt. No. 19, Dec. Henline.) As determined above, Ms. Jones knew her actions were fraudulent but she continued to prepare tax returns in the same fraudulent manner. As stated in her "Truth Affidavit," Ms. Jones runs a "tax return preparation business" and has been a "tax preparer for over 25 years." (Dkt. No. 3, pp. 2, 3.) Thus, it is likely Ms.

Jones will continue to violate the income tax laws in the future and an injunction is necessary to prevent such future violations.

**B.      Permanent Injunction under 26 U.S.C. § 7402**

The United States also seeks a permanent injunction under § 7402 which allows courts broad jurisdiction "to make and issue in civil actions, writs and orders of injunction...as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The United States argues an injunction is necessary to prevent Ms. Jones from substantially interfering with the internal revenue laws. (Dkt. No. 18, p. 7.)

As discussed above, the Court has reviewed the materials and documents provided by the United States in conjunction with the Motion for Preliminary Injunction and Motion for Summary Judgment. The Court has also considered Ms. Jones' "Truth Affidavit" and "Notice" as well as her arguments contained therein. (Dkt. Nos. 3, 13.) Having completed this review, and for the reasons articulated previously, the Court finds the United States' materials demonstrate a need for the issuance of an injunction against Ms. Jones in order to enforce the internal revenue laws. The United States asks that Ms. Jones be precluded from preparing tax returns for others, order her to notify her customers of the injunction, and to produce a customer list to the United States. (Dkt. No. 18, p. 8.) Based on the record, the Court finds the requested injunction is necessary to enforce the internal revenue laws. The requirements that Ms. Jones notify her customers, provide a customer list, and not prepare tax returns for others are appropriate in order to allow the necessary monitoring and ensure no further violations of the internal revenue laws occur.

The Court further finds Ms. Jones' fraudulent activities are sufficiently egregious that a narrow injunction prohibiting only certain enjoinable activities is unlikely to prevent continued interference by Jones with the proper administration of the internal revenue laws.

### C. Conclusions of Law

The Court finds that Ms. Jones has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, and that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent Ms. Jones and anyone acting in concert with her, from further engaging in such conduct. *See Kapp*, 564 F.3d at 1109. Jones has prepared over 400 returns understating her customers' returns based on a frivolous position not supported by any authority. Likewise, Court finds that Ms. Jones has engaged in conduct subject to penalty under 26 U.S.C. § 6701, which imposes penalties on any person who prepares or assists in the preparation of "any portion of a return, affidavit, claim, or other document" that she "knows (or has reason to believe) will be used in connection with any material matter" under the Internal Revenue Code and that she knows will "result in an understatement of the liability for tax." Thus, injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent Ms. Jones from further engaging in such conduct. *See Schiff*, 379 F.3d at 624. The Court further finds that because such conduct was continual and repeated, and because a narrower injunction would not be sufficient to prevent Ms. Jones's interference with the proper administration of the internal revenue laws, that Ms. Jones should be enjoined from further acting as a federal tax return preparer under both 26 U.S.C. §§ 7407, 7408. Finally, the Court finds that Ms. Jones engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a) to prevent recurrence of such conduct.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary

Judgment (Dkt. No. 17) is **GRANTED**. The Court HEREBY **ENTERS** a Permanent Injunction as

follows:

Defendant Penny Lea Jones, formerly known as Penny Lea Wardrop, and anyone in active

concert or participation with her, are enjoined from directly or indirectly:

1.      From acting as a federal tax return preparer and from preparing or filing federal tax

returns for others, and from representing others before the IRS, including prohibiting

her from directly or indirectly:

  a.      Preparing or filing, or assisting in, or directing the preparation or filing of any

federal tax return or amended return or other related documents or forms for

any other person or entity;

  b.      Giving tax advice or assistance to anyone for compensation;

  c.      Engaging in activity subject to penalty under 26 U.S.C. §§ 6694 or 6695;

  d.      Engaging in any other activity subject to penalty under the Internal Revenue

Code; and

  e.      Engaging in other conduct that substantially interferes with the proper

administration and enforcement of the internal revenue laws.

2.      From directly or indirectly by means of false, deceptive, or misleading commercial

speech:

a.      Organizing or selling tax shelters, plans or arrangements that advise or assist taxpayers to attempt to evade the assessment or collection of such taxpayers' correct federal tax;

b.      Engaging in any other activity subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making a statement regarding the excludability of income or any other tax benefit by participating in the plan that she knows or has reason to know is false or fraudulent as to any material matter;

c.      Engaging in any activity subject to penalty under 26 U.S.C. § 6701; and

d.      Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or encourages taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of false Forms 1099 based on the false claims that:

      i.     Taxpayers can draw on the Treasury of the United States to pay their tax debt or other debts using Forms 1099 or other documents;

      ii.     Taxpayers can issue false Forms 1099 to a creditor and report the amount on the false Forms 1099 as income taxes withheld on their behalf, and;

      iii.     Taxpayers have a secret account with the Treasury Department which they can use to pay their debts or which they can draw on for refunds

through a process that is often called "redemption" or "commercial redemption."

3. From preparing her own federal income tax returns claiming false income tax withholding and refunds based on amounts shown in false Forms 1099 issued to her creditors, and;

4. From filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040, Forms 1040X, or Forms 1099 for herself or others, including the notarization or signing of certificates of service or similar documents in connection with the frivolous tax returns

**IT IS FURTHER ORDERED** that Defendant Penny Lea Jones shall produce to counsel for the United States, within fifteen days of this Order, a list that identifies by name, social security number, address, email address, and telephone number, all persons for whom she prepared federal tax returns or claims for refund in the last three (3) years. Within 14 days of the date of the entry of the return of service of this Order, Ms. Jones shall also contact by mail (and also by e-mail, if an address is known) all persons who have purchased any products, services or advice associated with the false or fraudulent tax scheme and inform those persons of the preliminary injunction entered against her. Within 28 days, Jones shall file with the Court a certificate, signed under penalty of perjury, that she has done so.

**IT IS FURTHER ORDERED** that Plaintiff shall personally serve the Defendant Penny Lea Jones with a copy of this Order forthwith and file a return of service

**SO ORDERED**.

DATED:  **July 7, 2011**

Honorable Edward J. Lodge
U. S. District Judge